NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2013
Decided December 5, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 13-1709 | |
| | Appeal from the United States |
| TONI TOSTON, | District Court for the Eastern |
| *Plaintiff-Appellant,* | District of Wisconsin. |
| | |
| *v.* | No. 2:10-cv-00288-JPS |
| | |
| MICHAEL THURMER, *et al.,* | J. P. Stadtmueller, *Judge.* |
| *Defendants-Appellees.* | |

O R D E R

The appellant, a Wisconsin prison inmate, brought suit against prison officials under 42 U.S.C. § 1983, challenging a disciplinary sanction of 90 days in segregation for violation of prison rules. His suit claimed that his punishment violated his constitutional right of free speech and also deprived him of his liberty without due process of law. The district court granted summary judgment on both claims in favor of the defendants. We affirmed with respect to the district court's free-speech ruling but

remanded the due process claim for a determination whether the 90-day segregation was a deprivation of liberty, given that the plaintiff was already deprived of liberty by being a prison inmate--in other words was there an incremental deprivation of liberty? That presumably would depend on the conditions of confinement in segregation.

On remand the district judge found, not clearly erroneously, that the plaintiff had been released from segregation back into the general prison population after only 44 days and that conditions in segregation were not sufficiently harsh to make so relatively short a period of segregation an incremental deprivation of liberty sufficient to sustain a claim a due process claim by a prison inmate complaining only about the increment, and not about being a prison inmate. And so the judge again granted summary judgment in favor of the defendants, precipitating this second appeal.

Finding no error, we affirm the judgment in favor of the defendants.